IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 1:22-cr-00035-CMA-GPG-04

UNITED STATES OF AMERICA,

        Plaintiff,

v.

4.      MYKAH MAHANEY,

        Defendant.

---

**ORDER DENYING DEFENDANT'S MOTIONS TO REVIEW MAGISTRATE COURT'S ORDER OF DETENTION (Docs. ## 92 and 106)**

---

This matter is before the Court on Docs. ## 92 and 106, Defendant Mykah Mahaney's Motions to Review Magistrate Court's Order of Detention (Doc. # 40). Ms. Mahaney asks the Court to conduct a *de novo* review of the evidence and to revoke Judge Gallagher's Order of Detention.

           **I.**        **BACKGROUND**

Ms. Mahaney was arrested pursuant to a federal grand jury indictment on February 4, 2022. (Doc. # 19.) She is named in three counts of the indictment issued by the Grand Jury: Count 1, conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii); Count 14, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); and Count 33, concealing illegal proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (2). (Doc. # 1.)

Ms. Mahaney's charges stem from an investigation that begin in the summer of 2021 into a drug trafficking organization. Agents from the Seventh Judicial District Drug Task Force and the DEA received information from multiple cooperating sources that Defendant Ernest Abachiche was regularly bringing significant amounts of methamphetamine and fentanyl from the Denver area to the Montrose area. The Government contends that Mr. Abachiche would then hand the controlled substances he had transported over to a number of his associates in the Montrose area, including Ms. Mahaney, Eric Thomas, Jesse French, and Robert Burnett, who would distribute the drugs on the street level and wire the proceeds back to the Denver Metro area using Walmart wire transfers or cash app transfers.

Agents made a number of controlled purchases from Mr. Abachiche, including one on August 20, 2021, that involved the purchase of one-and-a-half pounds of methamphetamine. Ms. Mahaney was allegedly with Mr. Abachiche when that transaction was conducted. In addition, on December 18, 2021, Eric Thomas was pulled over in a traffic stop and a search of his vehicle yielded 220 grams of actual methamphetamine and 185 fentanyl pills. One of the packages of actual methamphetamine that Mr. Thomas was in possession of was labeled "Big Mama," which is believed by agents to be a nickname or pseudonym used by Ms. Mahaney.

Judge Gallagher held a detention hearing as to Ms. Mahaney on February 10, 2022. (Doc. # 49.) After considering the indictment, the offer of proof, argument by counsel, evidence from the detention hearing, and the pretrial report, and after weighing

the statutory factors set forth in the Bail Reform Act, 18 U.S.C. § 3142(g), Judge Gallagher ordered Ms. Mahaney detained. (Doc. # 40.)

On May 3, 2022, Ms. Mahaney filed her Motion to Review Magistrate's Order of Detention and Grant her Pretrial Release in Accordance with the Bail Reform Act. (Doc. # 92.) Ms. Mahaney filed a second motion on May 25, 2022. (Doc. # 106). The Government filed a response objecting to Ms. Mahaney's motion on May 31, 2022. (Doc. # 110.)

## II.   STANDARD OF REVIEW

Due to the nature of the crimes charged, this case involves a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). However, the Court's review of the Magistrate Judge's order of detention is *de novo*. *See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). Under this standard of review, the Court must judge the issues anew, but in so doing, the Court may utilize the factual and evidentiary record developed during the detention hearing before Magistrate Judge Gallagher. The Court, however, must reach its own findings of fact and conclusions of law. *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985) (finding that on *de novo* review, a district court "should not simply defer to the judgment of the magistrate, but reach its own independent conclusion").

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person

and the community." 18 U.S.C. § 3142(e); *see Cisneros*, 328 F.3d at 616. A court may make such a finding only after holding a hearing according to the procedures specified in Section 3142(f). At the hearing, the Government bears the burden of proof to "prove risk of flight by a preponderance of the evidence" and "dangerousness to any other person or to the community by clear and convincing evidence." The Court agrees with the parties that a rebuttable presumption shifting the burden to the defendant applies in this case. *See* 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> 
> (2) the weight of the evidence against the person;
> 
> (3) the history and characteristics of the person, including--
> 
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> 
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> 
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g); *see Cisneros*, 328 F.3d at 617.

### III.   RULING

The Court notes that no testimony was presented in the proceedings before Judge Gallagher. Rather, the parties proceeded by offer of proof. The Court has conducted a *de novo* review of the indictment, the pretrial services report, the transcript of the hearing before Judge Gallagher, as well as the Motions of the Defendant and the Response of the Government. After conducting the requisite *de novo* review of this matter, the Court finds that, on balance, the Section 3142(g) factors weigh in favor of continued detention.

1. **The nature and circumstances of the offense charged:**

First, the Court finds that the nature and circumstances of the offense charged weigh in favor of detention. Ms. Mahaney faces a minimum of ten years and up to life imprisonment for Count 1 and up to 20 years imprisonment for Counts 14 and 33. She is charged with conspiracy to distribute and possess with intent to distribute 50 grams and more of methamphetamine (actual), a Schedule II controlled substance. Given that these are serious charges with severe potential penalties, the Court finds that the first factor weighs in favor of detention. *See United States v. Luton*, 19-cr-00098-CMA, 2019 WL 2272792, at * 4 (D. Colo. May 28, 2019) (observing that "the weight of authority suggests that defendants facing severe penalties such as life imprisonment have a greater incentive to flee" (citations omitted)).

2. **The weight of the evidence against the person**:

The Government noted that agents identified a total of $85,000 in wire transfers made in 2021 and collected documentation of such transfers, including transfers made

by Ms. Mahaney through WalMart wire transfer. (Doc. # 1 at 11.) After considering the offer of proof, the Court finds that the evidence against Ms. Mahaney is strong and weighs in favor of pre-trial detention, but it is the least important of the various factors.

3.  **The history and characteristics of the person**:

Ms. Mahaney is 46 years old and is a lifelong resident of Colorado apart from two years when she lived in Texas in 1995. (Doc. # 43 at 1–2.) She obtained her GED and completed two semesters of coursework at Hill Junior College in Hillsboro, Texas. (*Id.* at 2.) She does not possess a passport. (*Id.*) At the time of her arrest, Ms. Mahaney was living with her mother in Montrose, Colorado. (*Id.*) Ms. Mahaney's mother passed away shortly after Ms. Mahaney's arrest in the instant case. (Doc. # 92 at 6.) Ms. Mahaney's fiancé, Etson Kliza, lives nearby in Gunnison, Colorado and is currently taking care of her two dogs and three horses. (Doc. # 43 at 2.) Ms. Mahaney reported that she worked part-time at a Quality Inn for two months last year and otherwise took care of her mother. (*Id.*) She has good physical health, but she suffers from addiction and requests to be released to an inpatient program. (*Id.*; Doc. # 92 at 6.)

With respect to her history and characteristics, Ms. Mahaney argues that her criminal history has been inappropriately inflated out of context in this case. (Doc. # 92 at 8.) The Court disagrees and finds that Ms. Mahaney's history and characteristics, including her criminal history, weigh in favor of detention.

Ms. Mahaney had her first felony conviction for theft in 1997. Although she was given a deferred judgment and sentence, Ms. Mahaney failed to comply with probation and her deferred judgment was revoked and the judgment of conviction entered. (Doc. #

43 at 3.) Ms. Mahaney was not arrested for another 7 years; however, in 2014, she began a long string of misdemeanor and traffic arrests and convictions. From 2004 to 2015, Ms. Mahaney was convicted of 8 separate misdemeanor and traffic crimes, including failing to report an accident in 2005, driving under restraint in 2008, careless driving in 2010, driving under the influence in 2011, false reporting to authorities and another driving under restraint in 2012, obstructing governmental operations in 2013, and evading an interlock device in 2015. (Doc. # 43.) The Court notes that several of these convictions involved risks to public safety, dishonesty, and failure to follow court orders.

In 2019, Ms. Mahaney was convicted of felony vehicular eluding, which raises public safety and flight risk concerns. In addition, Ms. Mahaney has three recent felony convictions: possession of a controlled substance in 2019, criminal impersonation in 2020, and distribution of an imitation controlled substance in 2020. Moreover, the Court agrees with the Government that Ms. Mahaney has exhibited an extensive pattern of failing to appear in court and failing to comply with court orders, including receiving 19 warrants for failing to appear over her lifetime. Although Ms. Mahaney disputes this number and argues that her failure to appear number should be 9, owing to warrants being issued in multiple cases for single instances of failing to appear, the Court nevertheless finds that 9 separate instances of failing to appear is significantly troubling.

Accordingly, the Court finds that the history and characteristics of the defendant, particularly Ms. Mahaney's significant number of failures to appear for court

proceedings, support a finding that Ms. Mahaney poses a flight risk. The third factor therefore weighs in favor of detention.

4. **The nature and seriousness of the danger to any person or the community that would be posed by the person's release**:

The Court finds that the fourth factor also weighs in favor of detention. The Government has shown evidence that Ms. Mahaney has been involved in an extensive operation to distribute methamphetamine, which presents a significant danger to the community. The Court has also considered the Pretrial Risk Assessment ("PTRA"), which is an objective, quantifiable instrument that provides a consistent and valid method of predicting risk of failure to appear, new criminal arrest, and technical violations while on pretrial release. A defendant's PTRA score is computed taking into consideration the following factors: prior felony convictions; prior failures to appear; pending felonies and misdemeanors; current offense type and class; and the defendant's age, education, employment status, residence, drug use history, and citizenship status. PTRA scores are classified into five categories. Ms. Mahaney's risk category is five, and research suggests that pretrial defendants in that category have an approximate 64% likelihood of success when released utilizing alternatives to detention. (Doc. # 43 at 13–14.)

After conducting *de novo* review, the Court finds that Ms. Mahaney has failed to meet her burden to overcome the presumption of detention, and that no conditions or combination of conditions will reasonably assure the safety of any other person or the community. *See* 18 U.S.C. § 3142(e).

## IV.   CONCLUSION

For the foregoing reasons, Ms. Mahaney's request to vacate Magistrate Judge Gallagher's Order of Detention and grant her pretrial release is DENIED (Docs. ## 92, 106.)

DATED:  June 1, 2022

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge

9